## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZINIA APONTE, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 4:CV-08-1295 |
| | : |
| v. | : (Judge Jones) |
| | : |
| DAWN CHAMBERLAIN, et al., | : |
| | : |
| Respondents | : |

## MEMORANDUM

October 6, 2008

Petitioner Zinia Aponte, an inmate confined at the Muncy State Correctional Institution ("SCI-Muncy") in Muncy, Pennsylvania, initiated this pro se action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Rec. Doc. 1.) The Amended Petition (Rec. Doc. 9) currently is before the Court for screening. For the reasons set forth below, the Amended Petition will be dismissed.

## BACKGROUND:

Because Aponte's Petition (doc. 1) did not comply with Rule 2(c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts, by Order dated August 12, 2008, she was directed to file an amended petition. (See Rec. Doc. 6.)

On August 27, 2008, the Clerk of Court received correspondence from Mark

Marvin, identifying himself as "Next Friend" of Aponte, stating that an amended

petition was enclosed.  The Amended Petition (Rec. Doc. 9), which was prepared on a

Form Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

Custody, was signed by Marvin as "Next Friend."  (See Rec. Doc. 9 at 14.)  Marvin

signed the Petition in the space provided for an attorney's signature and crossed out

the word attorney.  Aponte's name is signed in the space provided for "Signature of

Petitioner."  Below Aponte's name, the following explanation is provided:

> Zinia Aponte has repeatedly asked the courts to accept Mark Marvin as
> Next Friend since she is not able to act on her own behalf (See
> documents submitted with prior Petition).

(See id.)

**DISCUSSION:**

### A.    "Next Friend" Standing

An "[a]pplication for writ of habeas corpus shall be in writing signed and

verified by the person for whom relief it is intended or by someone acting in his

behalf."  28 U.S.C. § 2242.  A litigant seeking to prosecute a "next friend" habeas

petition "must establish the requisite [Article III] standing to sue."  See Whitmore v.

Arkansas, 495 U.S. 149, 154 (1990); accord In re Zettlemoyer, 53 F.3d 24, 26-27 (3d

Cir. 1995) (per curiam).  "'[N]ext friend' standing is by no means granted

2

automatically to whomever seeks to pursue an action on behalf of another."

Whitmore, 495 U.S. at 163.  These limitations on the "next friend" doctrine are driven

by the recognition that "'[i]t was not intended that the writ of habeas corpus should be

availed of, as matter of course, by intruders or uninvited meddlers, styling themselves

next friends.'"  Whitmore, 495 U.S. at 164 (quoting United States ex rel. Bryant v.

Houston, 273 F. 915, 916 (2d Cir. 1921)); see also Rosenberg v. United States, 346

U.S. 273, 291-92 (1953).

A petitioner seeking "next friend" standing must meet two prerequisites.  First,

the petitioner must "provide an adequate explanation- such as inaccessibility, mental

incompetence, or other disability- why the real party in interest cannot appear on his

own behalf to prosecute the action."  Whitmore, 495 U.S. at 164 (citations omitted).

Second, the petitioner seeking standing as "next friend" must demonstrate that he or

she is "truly dedicated to the best interests of the person on whose behalf he [or she]

seeks to litigate" and has some "significant relationship" with that person.  Id.

(citations omitted).  The burden is on the petitioner seeking "next friend" standing to

establish these prerequisites.  See id.; see also Zettlemoyer, 53 F.3d at 26-27.

In the instant case, Marvin has failed to meet his burden to establish "next

friend" standing.  Marvin states that Aponte is unable to act on her own behalf

without explaining why Aponte is unable to pursue her own petition.  Moreover, he

3

does not state his relationship to Aponte, and thus he has not demonstrated that he is truly dedicated to acting in her best interests. Even if standing were found as to Marvin, this action still would be dismissed for the reasons set forth below.

**B.    The Amended Petition**

The Amended Petition (Rec. Doc. 9) contains the following background:

In 1999, Aponte was convicted in the Court of Common Pleas of Lancaster County of kidnapping to facilitate a felony, criminal conspiracy, aggravated assault, unlawful restraint, terroristic threats, false imprisonment, simple assault, and reckless endangerment. (See Rec. Doc. 9 at 1.) She was sentenced to a term of incarceration of twenty (20) to sixty (60) years. (See id.) Following a direct appeal challenging the legality of her sentence, Aponte's conviction was upheld. (See id. at 2.) Aponte did not seek further review by a higher state court. (See id.)

In February or March 2001, Aponte filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 et seq. (See id. at 3.) Aponte raised the issue that her request for copies of her trial transcripts had been denied. (See id.) On March 1, 2001, her PCRA petition was denied without copies of her transcripts ever having been provided. (See id.) Aponte did not appeal the denial of her first PCRA petition. (See id. at 4.)

On March 10, 2007, Aponte filed a second PCRA petition raising the issue that

4

the trial court's denial of her request for copies of her trial transcripts constituted a violation of her right to due process. (See id. at 3.) She also raised claims of ineffective assistance of counsel and "miscarriage of justice." (See id.) On April 12, 2007, Aponte's second PCRA petition was denied. (See id. at 4.) Aponte did not appeal the denial of her second PCRA petition. (See id.)

On September 6, 2007, Aponte filed a petition for writ of habeas corpus with the Pennsylvania Superior Court raising the issue that the trial court's denial of copies of her trial transcripts constituted a violation of her right to due process. (See id.) She also raised claims of "denial of access to court under confrontation clause" and "miscarriage of justice." (See id.) On November 2, 2007, the Pennsylvania Superior Court denied her petition on the basis that it did not have jurisdiction to entertain it. (See id.) Aponte appealed to the Pennsylvania Supreme Court. (See id.) On June 11, 2008, her appeal was denied. (See id.)

Aponte initiated the instant action on July 7, 2008. The Amended Petition raises the following ground for relief: "Denial of Due Process, of Confrontation, by refusal of Court to provide indigent defendant copies of her transcripts."[1] (Id. at 5.)

Rule 4 of the Rules Governing Section 2254 Cases provides, in pertinent part,

---

[1]The Amended Petition indicates that ground two "cannot be raised without transcript." (See Rec. Doc. 9 at 6.)

that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970); accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen Court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68; see also Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997).

While Aponte currently is "in custody," her attempt to challenge the PCRA

court's denial of her request for copies of her trial transcripts does not constitute a collateral attack on the validity of her state conviction and/or sentence. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989). It also does not constitute a challenge to the legality of her present incarceration.

A petition for writ of habeas corpus is not the appropriate means to pursue claims of error during PCRA proceedings. Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004). The Lambert Court reminded as follows:

> The federal courts are authorized to provide collateral relief where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States. 28 U.S.C. §§ 2254, 2255. Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation.

Id. (quoting Hassine v. Zimmerman, 160 F.3d 941, 954-55 (3d Cir. 1998) (internal citations omitted)). Accordingly, Aponte's claim that the trial court denied her request for copies of her trial transcripts during her PCRA proceedings is not a proper basis for habeas relief from her original conviction. See Lambert, 387 F.3d at 247. Therefore, the Amended Petition will be dismissed.

An appropriate Order shall issue on today's date.